IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY, | * * * |
| Plaintiff, | * * |
| vs. | *   No. 4:07cv0036 SWW * * * |
| BAPTIST HEALTH, and as interested parties, DR. BRUCE E. MURPHY and BRUCE E. MURPHY, M.D., P.A., DR. SCOTT L. BEAU and SCOTT L. BEAU, M.D., P.A., DR. DAVID C. BAUMAN and DAVID C. BAUMAN, M.D., P.A., DR. D. ANDREW HENRY and D. ANDREW HENRY, M.D., P.A., DR. DAVID M. MEGO and DAVID M. MEGO, M.D., P.A., DR. WILLIAM A. ROLLEFSON and WILLIAM A. ROLLEFSON, M.D., P.A., DR. PAULO RIBEIRO and PAULO RIBEIRO, M.D., P.A., LITTLE ROCK CARDIOLOGY CLINIC, P.A. and DR. JANET R. CATHEY, | * * * * * * * * * * * * * * * * |
| Defendants. | * |

ORDER

Platte River Insurance Company ("Platte River") brought this action against Baptist Health, a nonprofit corporation that operates hospitals in Arkansas, seeking a declaratory judgment that there is no coverage under an insurance policy it issued to Baptist Health for three underlying actions (collectively, the "Underlying Actions") filed against Baptist Health arising out of its adoption and implementation of an Economic Conflicts of Interest Policy ("ECOI Policy"), commonly referred to as "economic credentialing." Platte River sought a determination

that Baptist Health was required but failed to disclose information that adoption of an ECOI Policy may lead to claims against it and did in fact lead to the Underlying Actions. Baptist Health, in turn, filed a counterclaim seeking a declaration that the insurance policy issued by Platte River was valid and enforceable, that it provided coverage for the Underlying Actions, and that Platte River was obligated to pay defense expenses on a current basis. Baptist Health also sought reimbursement from Platte River for Baptist Health's defense expenses incurred in connection with the Underlying Actions, claiming that Platte River breached its obligations under the insurance policy by failing to reimburse Baptist Health on a current basis for its defense expenses.

The parties filed cross-motions for summary judgment. By Memorandum and Order entered on April 17, 2009 (as amended on April 20, 2009) [doc.#'s 80, 82], the Court granted Platte River's motion for summary judgment and denied Baptist Health's motion for summary judgment. The Court determined that Platte River was entitled to recover the amount of defense expenses advanced to Baptist Health under the insurance policy for the Underlying Actions and that Baptist Health was entitled to a refund of the premiums tendered to and received by Platte River, the insurance policy being void *ab initio*.[1] Judgment was entered that same day [doc.#81] and Baptist Health has appealed to the United States Court of Appeals for the Eighth Circuit.

Now before the Court is Platte River's Bill of Costs [doc.#84], as amended on May 27, 2009 [doc.#94], in the amount of $13,945.78. Baptist Health has filed objections to Platte River's amended Bill of Costs [doc.#96].

---

[1] Although Platte River did not specifically move for summary judgment on Baptist Health's counterclaim, the Court determined that its Memorandum and Order necessarily rendered the counterclaim as without merit. Accordingly, the Court *sua sponte* dismissed Baptist Health's counterclaim.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters.  Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).  *See also Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (noting that when an expense, such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure'") (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3rd Cir. 2000)).  "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Id.  See also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir. 2007) (a prevailing party is presumptively entitled to recover all of its costs and the losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion) (internal quotations and citations omitted).

The Court finds that Platte River is entitled to an award of costs but not the full $13,945.78 it seeks.  The Court will address only those costs that Baptist Health challenges, finding that the remainder of the costs itemized by Platte River are recoverable.

First, the Court declines to award $462.00 for fees for service of summons and subpoena as service was performed by a private process server and "the Eighth Circuit has held that the cost of private process services are not taxable as costs because 28 U.S.C. § 1920 contains no provision for such expenses." *Affiliated Real Estate Appraisers of AR v. Moran*, No.

4:07cv01221 SWW, 2008 WL 5225825, at *2 (E.D.Ark. Dec. 11, 2008) (citing *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985)).

The Court additionally declines to award $1,418.00 for the videotaping of the depositions of Doug Weeks, Russell Harrington, and Allen Smith, for which costs for the written transcripts are also sought. While costs associated with both videotaping depositions and transcription costs are recoverable in appropriate circumstances, *see, e.g., Monsanto Co. v. Bayer Cropscience, N.V.*, No. 4:00CV01915-ERW, 2007 WL 1098504, at *3 (E.D.Mo. Apr. 12, 2007) ("Plaintiff has provided sufficient reason for requiring the videotaping of the depositions as well as their transcription ... now there is a sufficient showing that it was beneficial to this Court in making its determinations of credibility of both Plaintiff and Defendant witnesses to have a videotape representation"), here, Platte River does not claim that these individuals would not have been available to testify at trial or submitted any other reason that would explain the need of videotaping these depositions in addition to obtaining written transcripts. *See, e.g., Rakes v. Life Investors Ins. Co. of America*, No. 06-CV-99-LRR, 2008 WL 4852932, at *7 (N.D.Iowa Nov. 7, 2008) (declining to allow costs for videotaped depositions where there was no showing *inter alia* that any of the witnesses deposed were likely unavailable for hearing/trial, that videotaping the witnesses was the most economical way for the witnesses to testify, or that it was likely that any of the videotaped depositions was likely needed for trial). *See also Olander v. State Farm Mut. Auto. Ins. Co.*, No. A1-99-112, 2001 WL 625758, at *2 (D.N.D. March 26, 2001) ("in order to obtain costs for videotaping *and* transcription the prevailing party must demonstrate that *both* were necessarily obtained for use in the case; otherwise, only transcription costs are recoverable") (emphasis in original).

The Court additionally declines to award $409.40 for the cost of the deposition of Harrison Dean as his deposition apparently was never cited in this case and Platte River has not made any showing that Dean's deposition was reasonably necessary for the case. *See Wheeler v. Carlton*, No. 3:06cv0068 GTE, 2007 WL 1020481, at *3 (E.D.Ark. Apr. 2, 2007) ("This Court's policy is not to allow deposition costs to be recovered unless the deposition was used at trial or the requesting party makes a specific showing that the deposition was reasonably necessary for the case rather than purely investigative").

The Court additionally declines to award $320.00 for the cost of rough drafts of the transcripts of the depositions of Harrison Dean and Doug Weeks as Platte River has made no showing of the necessity of an expedited copy of these transcripts, the certified copies of which were available only some two weeks later. *See Wheeler*, No. 3:06cv0068 GTE, 2007 WL 1020481, at *6 (declining to tax costs of expediting deposition and shipping); *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991) (extra cost of obtaining a copy of a deposition on an expedited basis not taxable in the absence of justification or explanation for obtaining copy of a deposition on an expedited basis).

The Court additionally declines to award $1,112.40 in photocopy costs incurred on September 17 and 18, 2007, as Baptist Health contends, and Platte River has not disputed, that these costs were associated with documents produced to Baptist Health on September 18, 2007, during the course of discovery.[2] Costs incurred in copying documents to be produced during discovery are not taxable as costs under § 1920. *Little Rock Cardiology Clinic, P.A. v. Baptist*

---

[2] Platte River's amended Bill of Costs reflects that the amount of photocopy costs incurred on those dates totaled $1,142.40 but the Court will accept Baptist Health's figures for today's purposes.

*Health*, No. 4:06cv01594 JLH, 2009 WL 763556, at *4 (E.D.Ark. March 19, 2009) (noting that this district historically has not awarded as costs under § 1920(4) the expense of copying documents during discovery, and that the practice in this district is consistent with the practice in other districts of the Eighth Circuit).

For the same reasons, the Court declines to award $1,189.65 for the cost of scanning documents produced by Ramsey, Krug, Farrell & Lensing ("Ramsey Krug") in response to a subpoena issued by Platte River. Baptist Health asserts, and Platte River has not disputed, that these costs were incurred in copying documents to be produced during discovery and are not taxable as costs under § 1920. *See id.* Baptist Health notes as well, and Platte River has not disputed, that the documents produced by Ramsey Krug were duplicative of documents Baptist Health had already produced to Platte River and that were not cited in any pleadings in this action.

The Court additionally declines to award $412.43 for the cost of hiring a third party to obtain from the Pulaski County Courthouse copies of the complaints filed against Baptist Health in the Underlying Actions as Baptist Health asserts, and Platte River has not disputed, that Platte River already had these documents as Baptist Health provided copies of all relevant documents in the Underlying Actions to Platte River. *See Fogleman*, 920 F.2d at 286 (a party "should not be held responsible for multiple copies of documents").

The Court additionally declines to award $183.50 for the cost of Platte River copying its complaint in this case as a plaintiff "may not recover the photocopy expenses that they incurred in copying their own pleadings ... because they are not copies or papers necessarily obtained for use in the case. *Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1133 (E.D.Mo. 1998).

Finally, the Court turns to the remaining $4,623.35 of Platte River's claim for exemplification and copy costs. Platte River does not dispute that of this remaining amount, $1,462.44 in copying costs occurred well before Platte River even filed its complaint and were not necessary for use in this action. Accordingly, disallowing that amount, $3,160.91 remains. Concerning this remaining amount, however, Platte River, although declaring under penalty of perjury that these costs were incurred, has provided no details or explanation regarding what documents it copied or how it used the documents. Platte River's amended Bill of Costs sets forth the dates of the copies and the rate charged but there is no description of the documents copied. It is therefore impossible to tell to what extent copies charged by Platte River were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel. *Fogleman*, 920 F.2d at 286. *See also Montgomery County v. Microvote Corp.*, Civil Action No. 97-6331, 2004 WL 1087196, at *7 (E.D.Pa. May 13, 2004) ("The partying seeking costs for copying must provide evidence of the material copied so that the court can determine whether those copies were, in fact, necessary"). Rather than disallowing the full remaining $3,160.91, however, this Court, like the Court in *Montgomery County*, will reduce the remaining $3,160.91 of Platte River's claim for exemplification and copy costs by 50 %. *Id*. 2004 WL 1087196, at *8. Accordingly, the Court will award $1,580.46.

Excluding the amount of costs for which recovery is not allowed, Platte River is entitled to costs in the amount of $5,395.51.

                IT IS SO ORDERED this 10th day of July, 2009.

                              /s/Susan Webber Wright

                              UNITED STATES DISTRICT JUDGE